# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| ACCU STEEL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LEGACY BUILDING SOLUTIONS, INC., <br><br> Defendant. | Civil Action No. 16-50 <br><br> **COMPLAINT FOR A DECLARATORY JUDGMENT AND JURY DEMAND** |

This action is for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Plaintiff Accu Steel, Inc. ("Accu Steel") for this complaint against Defendant Legacy Building Solutions, Inc. ("Defendant") alleges as follows:

## THE PARTIES

1. Accu Steel is a corporation incorporated in the State of Iowa with a principal place of business at 2245 110th Street, Audubon, Iowa 50025.

2. On information and belief, Defendant is a Minnesota corporation with a principal place of business at 19500 Co Rd 142, South Haven, Minnesota 55382.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Accu Steel's declaratory judgment claims pursuant to 28 U.S.C. §§ 1331, 1338, and 28 U.S.C. §§ 2201, 2202. An actual, substantial, and continuing justiciable controversy exists between Accu Steel and Defendant based on Defendant having sent a letter to Accu Steel on or about April 15, 2016, alleging that Accu Steel infringes U.S. Patent No. 9,038,349 ("the '349 patent"). In addition, Defendant filed a complaint for patent infringement against Accu Steel in the United States District Court for the District of Minnesota on or about July 28, 2016, alleging infringement of U.S. Patent No. 9,334,653 ("the

'653 patent"). Accu Steel seeks a declaration of its rights by this Court in this action with respect to the '349 patent and the '653 patent (collectively, the "patents-in-suit"). Specifically, the controversy concerns the non-infringement and invalidity of the patents-in-suit and Defendant's right to maintain the suit for alleged infringement of the patents-in-suit.

4. This substantial controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Accordingly, a case or controversy exists under 28 U.S.C. § 2201.

5. This Court has personal jurisdiction over Defendant because Defendant's conduct in this District forms the basis for Accu Steel's declaratory judgment claims. Specifically, Defendant sent a letter to Accu Steel in this District on or about April 15, 2016, alleging that Accu Steel infringes one or more unidentified claims of the '349 patent. In addition, Defendant had a complaint for infringement of the '653 patent served on Accu Steel in this District. On information and belief, Defendant alleges that Accu Steel infringes one or more claims of the patents-in-suit through the manufacture, use, sale, offer for sale, and/or importation of accused products in this District. On further information and belief, the Court also has personal jurisdiction over Defendant because Defendant sells or offers for sale products to consumers located in the State of Iowa. On further information and belief, the Court also has personal jurisdiction over Defendant because Defendant is registered with the Iowa Secretary of State to transact business in the State of Iowa.

6. Venue is proper in this Court, including because Defendant's conduct in this District forms the basis for Accu Steel's declaratory judgment claims. Specifically, Defendant sent a letter to Accu Steel in this District on or about April 15, 2016, alleging that Accu Steel infringes one or more unidentified claims of the '349 patent. In addition, Defendant had a

complaint for infringement of the '653 patent served on Accu Steel in this District. On information and belief, Defendant alleges that Accu Steel infringes one or more claims of the patents-in-suit through the manufacture, use, sale, offer for sale, and/or importation of accused products in this District. On further information and belief, venue is proper because Defendant sells or offers for sale products to consumers located in the State of Iowa. On further information and belief, venue is proper in this Court because Defendant is registered with the Iowa Secretary of State to transact business in the State of Iowa.

## RELEVANT FACTS

### Defendant Repeatedly Alleges Patent Infringement

7. Accu Steel is a leading innovator and manufacturer of fabric buildings and hoop barns in the United States and Canada. Accu Steel proudly manufactures its products in Aubudon, Iowa.

8. Accu Steel works with distribution and installation partners to serve its customers. The defendant is a former distributor of Accu Steel products, and Accu Steel entered into a distributorship agreement with Defendant in or around May 6, 2010. Accu Steel terminated the agreement for cause on or about December 31, 2010. On information and belief, Defendant now manufactures, sells, and/or offers for sale building products that compete with Accu Steel's products.

9. On information and belief, on or about April 15, 2016, Defendant sent a letter "regarding Accu Steel's apparent infringement of a United States Patent owned by Legacy[.]" Defendant wrote that "Accu Steel is making, using, and/or selling infringing systems in at least some of its buildings" that purportedly infringed unidentified claims of the '349 patent. Defendant demanded that Accu Steel "immediately cease and desist using Legacy's patented

technology and compensate Legacy for Accu Steel's past infringement." A true and correct copy of the letter is attached as **Exhibit A**.

10. After receipt of the letter dated April 15, 2016, Accu Steel provided Defendant with documentation demonstrating that Accu Steel does not infringe any valid claim of the '349 patent.

11. On or about July 28, 2016, Defendant filed a Complaint for Patent Infringement and Demand for Jury Trial in the United States District Court for the District of Minnesota alleging that Accu Steel infringes at least one claim of another patent, the '653 patent, requesting relief in the form of damages and an injunction. A true and correct copy of the complaint is attached as **Exhibit B**.

12. After service of the complaint, Accu Steel provided Defendant with additional documentation demonstrating that Accu Steel does not infringe any valid claim of the '653 patent.

13. On or about September 26, 2016, Defendant voluntarily dismissed the patent infringement action in the Minnesota District Court without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

14. On information and belief, Defendant continues to assert that Accu Steel infringes one or more claims of the '349 patent and the '653 patent.

## The Patents

15. On information and belief, U.S. Patent No. 9,038,349, entitled "Keder Rail Attachment For A Fabric/Panel Building" ("the '349 patent"), was issued by the U.S. Patent and Trademark Office on May 26, 2015, from U.S. Patent Application No. 14/095,921. A true and correct copy of the '349 patent is attached hereto as **Exhibit C**.

16. On information and belief, Defendant is the lawful owner of all right, title, and interest in and to the '349 patent.

17. On information and belief, U.S. Patent No. 9,334,653, entitled "Keder Rail Attachment For A Fabric/Panel Building" ("the '653 patent"), was issued by the U.S. Patent and Trademark Office on May 10, 2016, from U.S. Patent Application No. 14/721,868. A true and correct copy of the '653 patent is attached hereto as **Exhibit D**.

18. On information and belief, Defendant is the lawful owner of all right, title, and interest in and to the '653 patent.

## COUNT I

*Declaration of Non-Infringement - U.S. Patent No. 9,038,349*

19. Accu Steel repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

20. Defendant asserts Accu Steel infringes the '349 patent, and Accu Steel is in apprehension that Defendant will file a complaint for patent infringement against Accu Steel for purported infringement of the '349 patent.

21. Accu Steel has not infringed any valid claim of the '349 patent.

22. An actual case or controversy exists between Accu Steel and Defendant based on Defendant having alleged that Accu Steel infringes the '349 patent.

23. Accu Steel has been injured and damaged by Defendant's allegations that Accu Steel infringes a patent that Accu Steel does not infringe.

24. Declaratory relief is both appropriate and necessary to establish that Accu Steel has not infringed any valid claim of the '349 patent.

## COUNT II

*Declaration of Invalidity - U.S. Patent No. 9,334,653*

25. Accu Steel repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

26. On information and belief, the '349 patent is invalid and unenforceable for failure to comply with one or more of the requirements of the Patent Act, 35 U.S.C. §§ 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

27. The claims of the '349 patent are invalid as anticipated or obvious in view of the prior art, including but not limited to Accu Steel's own prior art fabric building assembly components and assembly methods.

28. An actual case or controversy exists between Accu Steel and Defendant based on Defendant having asserted that Accu Steel infringes the '349 patent.

29. Accu Steel has been injured and damaged by Defendant's allegations that Accu Steel infringes an invalid patent.

30. Declaratory relief is both appropriate and necessary to establish that Accu Steel has not infringed any valid claim of the '349 patent.

31. Declaratory relief is both appropriate and necessary to establish that the '349 patent is invalid and thus cannot be asserted against Accu Steel.

## COUNT III

*Declaration of Non-Infringement - U.S. Patent No. 9,334,653*

32. Accu Steel repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

33. Defendant brought suit against Accu Steel alleging that Accu Steel directly and indirectly infringes one or more claims of the '653 patent through the manufacture, use, sale, or offer for sale of Accu Steel building solutions and/or components.

34. Accu Steel has not infringed any valid claim of the '653 patent.

35. An actual case or controversy exists between Accu Steel and Defendant based on Defendant having filed a Complaint for Patent Infringement and Demand for Jury Trial against Accu Steel alleging infringement of the '653 patent based on the manufacture, use, sale, or offer for sale of Accu Steel products.

36. Accu Steel has been injured and damaged by Defendant's allegations that Accu Steel infringes a patent that Accu Steel does not infringe.

37. Declaratory relief is both appropriate and necessary to establish that Accu Steel has not infringed any valid claim of the '653 patent.

## **COUNT IV**

### *Declaration of Invalidity - U.S. Patent No. 9,334,653*

38. Accu Steel repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

39. On information and belief, the '653 patent is invalid and unenforceable for failure to comply with one or more of the requirements of the Patent Act, 35 U.S.C. §§ 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

40. The claims of the '653 patent are invalid as anticipated or obvious in view of the prior art, including but not limited to Accu Steel's own prior art fabric building assembly components and assembly methods.

41. An actual case or controversy exists between Accu Steel and Defendant based on Defendant having filed a Complaint for Patent Infringement and Demand for Jury Trial against Accu Steel alleging infringement of the '653 patent based on the manufacture, use, sale, or offer for sale of Accu Steel products.

42. Accu Steel has been injured and damaged by Defendant's allegations that Accu Steel infringes an invalid patent.

43. Declaratory relief is both appropriate and necessary to establish that the '653 patent is invalid and thus cannot be asserted against Accu Steel.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Accu Steel, Inc. prays for the following relief:

A. that judgment be entered that Accu Steel has not infringed any valid claim of the patents-in-suit either literally or under the doctrine of equivalents;

B. that judgment be entered declaring that the claims of the patents-in-suit are invalid and/or unenforceable;

C. that judgment be entered awarding Accu Steel its damages in an amount to be determined at trial;

D. that judgment be entered awarding Accu Steel its costs incurred in the prosecution of this action;

E. that judgment be entered declaring this case to be exceptional under 35 U.S.C. § 285, and awarding Accu Steel its reasonable attorneys' fees incurred in the prosecution of this action; and

F. that judgment be entered awarding Accu Steel such other and further relief as the Court may deem just and proper.

## **DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Accu Steel demands a trial by jury of all issues so triable in this action.

Dated: December 30, 2016

Respectfully submitted,

By: /s/Timothy J. Zarley
Timothy J. Zarley
Iowa Bar No. 0008650
Zarley Law Firm, P.L.C.
400 Locust Street, Suite 200
Capital Square
Des Moines, Iowa 50309-2350
Email:  tzarley@Zarleylaw.Com
Telephone:  515.558.0200
Facsimile:  515.558.7790
*Attorneys for Plaintiff*
*Accu Steel, Inc.*